UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV333-MU-1
(3:01CR221-MU)
(5:02CR7-MU)

| | |
|---|---|
| JOSE FUENTES-GONZALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed August 3, 2009.

A review of the subject Motion to Vacate, along with pertinent Court records reflects that on or about December 4, 2001, Petitioner was indicted for illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. (3:01cr221.) On January 9, 2002, Petitioner was one of two individuals indicted for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, and 851. (5:02cr7.) On March 10, 2003, Petitioner and the Government filed a Plea Agreement with this Court. On April 29, 2003, pursuant to the terms of his plea agreement, Petitioner entered a guilty plea with respect to the charges in the Indictments. On July 28, 2004, this Court sentenced Petitioner to 188 months imprisonment on each charge to run concurrently. Judgment was entered on August 17, 2004. Petitioner appealed his conviction and sentence to the United States

Court of Appeals for the Fourth Circuit. On September 28, 2005, the Fourth Circuit affirmed Petitioner's conviction and sentence. On October 24, 2005, the mandate was issued. Petitioner did not file a writ of certiorari with the United States Supreme Court. On August 3, 2009, Petitioner filed the instant Motion to Vacate.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on or about December 27, 2005. See Clay v. United States, 537 U.S. 522 (2003)(federal criminal conviction becomes final when time for filing petition for certiorari contesting appellate court's affirmation of conviction expires). Petitioner did not file the instant Motion to Vacate until over three and a half years after his conviction became final and thus it appears to the Court that Petitioner's Motion to Vacate is untimely.

Anticipating this result,[1] Petitioner argues that his Motion to Vacate is timely because the governmental impediment to his filing a motion to vacate was removed September 16, 2008, and his Motion to Vacate was filed within a year of that date. Petitioner also argues that September 16, 2008, is the date on which facts supporting the claims presented in his Motion to Vacate could have been discovered through due diligence. More specifically, it appears Petitioner is asserting that it was not until this date that he discovered that he was born in the United States. It also appears that Petitioner is asserting that he did not know his name was Jose Luis Flores rather than Jose Fuentes Gonzales prior to that date.

The "discovery of facts" trigger for AEDPA's limitation period requires that a petitioner demonstrate that he used due diligence to discover the fact. 28 U.S.C. § 2255(4). Petitioner has failed to satisfy this criteria. Petitioner provides no explanation as to why he would not have known his name or his place of birth prior to September 16, 2008. Moreover, Petitioner does not identify any governmental impediment whatsoever

---

[1] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. Typically, this Court issues Hill notices in § 2255 cases as well. See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004). However, in the instant case, Petitioner, unlike the petitioner in Hill, addressed the issue of the timeliness of his petition. Accordingly, given the fact that at the time he filed his Motion to Vacate, Petitioner knew of AEDPA's limitation period and argued that his Motion to Vacate should be considered timely, this Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

to his discovering these facts prior to September 16, 2008.

To the extent Petitioner is asserting that AEDPA's limitation period should not bar this Court from considering his Motion to Vacate on the merits because he is actually innocent of the Illegal Reentry conviction because he is actually someone else and was born in the United States, Petitioner has failed to establish this fact. To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner must establish that "' in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." Id. It is thus Petitioner's burden to demonstrate that he is someone else and that he is a United states' citizen. Petitioner's bald assertion[2] of these facts is wholly insufficient to establish his actual innocence.

In conclusion, this Court holds that Petitioner has not established that the place of his birth and his name were facts that he could not have discovered earlier with due diligence. In addition, Petitioner has not established that he was actually innocent. Consequently, this Court holds that Petitioner's Motion to Vacate is untimely.

---

[2] The criminal case record is replete with examples of Petitioner answering to the name of Jose Fuentes-Gonzales and personally representing that he is in fact Jose Fuentes-Gonzales.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as untimely.

Signed: August 14, 2009

Graham C. Mullen
United States District Judge